# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASC INSULATION, FIREPROOFING, AND SUPPLIES, INC., an Illinois Corporation, ) ) ) Petitioner/Counter-Defendant, ) ) v. ) ) LABORERS' INTERNATIONAL UNION LOCAL 582, ) ) ) Respondent/Counter-Plaintiff. ) | No. 12-cv-01005<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Respondent Laborers' International Union Local 582 ("Local 582") claimed that Petitioner ASC Insulation, Fireproofing, and Supplies, Inc. ("ASC") failed to make pension and benefit plan contributions required by the collective bargaining agreement between the parties. The same agreement also provided that disputes regarding the interpretation or application of its terms would be resolved through a process that could be escalated to a Joint Grievance Committee ("Committee") empowered to make a final determination by majority vote. Thus, Local 582 took its grievances regarding the unpaid contributions to the Committee and received a finding in its favor. Unhappy with the result, ASC then brought this action in federal court to vacate, or alternatively to modify, the Committee's award. Local 582 responded by filing a counterclaim requesting the award's confirmation. Each party now seeks summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. Local 582 asserts that the Committee's award was final, binding, and not subject to review by this Court, while ASC contends that the Committee lacked authority to hear the grievances or to enter its award. For the reasons detailed

below, Local 582's summary judgment motion is granted and ASC's summary judgment motion is denied.

## BACKGROUND

The key facts are undisputed. During the relevant time period, the relationship between ASC and Local 582 was governed by a collective bargaining agreement between the Laborers' International Union of North America and the Midwest Wall & Ceiling Contractors (the "Agreement"), which obliged ASC to make specified contributions to the union's pension and benefit funds. (Petr.'s Resp. Stmt. Uncontested Facts ¶¶ 7-9, Dkt. No. 42.) The Agreement provides that "[a]ny dispute concerning the interpretation or application" of its terms "shall be adjusted by the particular Employer and Union, in the first instance." (Respt.'s Stmt. Uncontested Mat. Facts Ex. C at 24, Dkt. No. 38.) The Agreement further states that, if the parties are unable to settle a dispute, the union may file a written grievance that would be submitted to a "Joint Grievance Committee" comprised of an equal number of union and employer representatives. (*Id.* at 24-25.)

Local 582 presented grievance forms to the Committee alleging that ASC had failed to make contractually required benefit plan contributions for two employees. Each party was given the opportunity to present evidence and testimony to the Committee. (Petr.'s Resp. Stmt. Uncontested Facts ¶ 31, Dkt. No. 42.) By majority vote, the Committee upheld the union's grievances and directed ASC to pay $208,443.25 for benefits for the two employees. (Respt.'s Stmt. Uncontested Mat. Facts Ex. S, Dkt. No. 38.)

In seeking to vacate the Committee's award, ASC contends that the Committee lacked the authority to hear Local 582's grievances because the grievances were untimely and the union did not attempt to resolve its dispute with the company directly before seeking intervention by the

2

Committee. ASC also argues that the award granted by the Committee exceeds the remedy permitted by the Agreement and that, to the extent the award is allowed at all, this Court should reduce the award to an amount consistent with the Agreement's provisions. In response, Local 582 contends that the Committee's award should be enforced, not reviewed, by this Court. The parties agree that this action is a labor contract dispute that this Court has jurisdiction to resolve under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Petr.'s Resp. Stmt. Uncontested Facts ¶ 1, Dkt. No. 42.)

## DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). With cross-motions, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion under consideration. *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002).

With its motion, Local 582 claims that the undisputed facts establish that the Committee's award should be confirmed and enforced. Section 301 of the LMRA allows federal courts to enforce "final and binding" arbitration awards pursuant to collective bargaining agreements. *Lippert Tile Co., Inc. v. Int'l Union of Bricklayers and Allied Craftsmen*, 724 F.3d 939, 944 (7th Cir. 2013); *see also Merryman Excavation, Inc. v. Int'l Union of Operating Eng'rs, Local 150,* 639 F.3d 286, 290 (7th Cir. 2011) ("A failure to comply with a joint committee award is a breach of a federal labor contract subject to section 301 jurisdiction."). "However, given that Section 301 essentially limits the federal court's jurisdiction to applying the terms of a [collective bargaining agreement], when a [collective bargaining agreement] provides for the

submission of contractual disputes to an arbitrator, the court 'is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.'" *Lippert Tile*, 724 F.3d at 944 (quoting *Gen. Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963)).

ASC raises three reasons why this Court should set aside the Committee's award.[1] First, ASC claims that Local 582's grievances were untimely based upon language from the Agreement's dispute resolution provision, which provides as follows:

> The Union must file the grievance within forty-five (45) days of the date of the occurrence giving rise to the grievance or when the affected employee knew or reasonably should have known of the existence of the grievance. Grievances not filed within the forty-five (45) day period are deemed waived and are not subject to being processed through this procedure.

(Respt.'s Stmt. Uncontested Mat. Facts Ex. C at 24-25, Dkt. No. 38.) Although the parties dispute the exact dates that the grievances were filed, it is uncontested that they were filed in 2011. ASC argues that neither grievance was filed within the 45-day period, and that this deficiency deprived the Committee of authority to resolve the dispute.

Next, ASC asserts that the contractual requirement that disputes be "adjusted" by the union and the company "in the first instance" imposed an obligation on Local 582 to attempt to settle any issues before resorting to the Committee procedure. ASC argues that the existence of conflicting evidence as to whether any such attempts occurred precludes summary judgment for the union.

Finally, ASC contends that the Committee's award was based upon an audit finding that benefit contributions were owed for a period dating back to October 2007 for one employee and to March 2008 for another. Article VII, Paragraph 2 of the Agreement provides that the

---

[1] Each of these arguments corresponds to one of the three counts of ASC's Petition to Vacate and/or Modify Arbitration Award. (Dkt. No. 1.)

4

employer's failure to make required contributions to the union benefit funds "shall for the purposes of the remedies the Union may pursue, be deemed the same as the failure of the Employer to pay wages . . . ." (Respt.'s Stmt. of Uncontested Mat. Facts Ex. C at 12, Dkt. No. 38.) Article XVIII, Paragraph 7 of the Agreement states that the recovery of wages "shall be limited to the two-year period preceding the grievance filing date (or 3 years if so determined for cause by the [Committee])." (*Id*. at 25.) ASC interprets these provisions to limit the period for which the Committee could order contribution deficiency remedies to the two-year period prior to the union's 2011 filing of the grievances. Thus, according to the company, the Committee improperly included delinquencies prior to the permitted period in determining its award.

Each of the arguments raised by ASC concerns the appropriate interpretation of the Agreement. When a union and employer have agreed to make a grievance committee's determination final and binding, the merits of the committee's decisions are not the province of the courts. As the Seventh Circuit has explained, "as long as the parties agreed that this method of dispute resolution would be binding, it is 'not open to the courts to reweigh the merits of the grievance.'" *Merryman*, 639 F.3d at 289 (quoting *Gen. Drivers*, 372 U.S. at 519). Furthermore, "it does not matter whether the joint committee's interpretation is *correct,* only that the parties agreed that the joint committee's interpretation would be binding." *Id.* at 291 n.2 (emphasis in original). In the present case, the parties' agreement regarding the finality of the Committee's determination is explicit: "If decided by majority vote, the grievance determination and any relief determined to be appropriate shall be final and binding upon all parties." (Respt.'s Stmt. Uncontested Mat. Facts Ex. C at 25, Dkt. No. 38.) Thus, the Agreement's dispute resolution procedures apply to any dispute concerning the interpretation or application of its terms and the resulting determinations are not to be second-guessed by this Court.

5

ASC argues that the Committee's determination is entitled to no more deference than an arbitration award and may be vacated upon a judicial finding that the parties did not agree to submit the issue in question to the alternative dispute resolution process. In this case, the company claims that it did not agree to submit to the Committee disputes that were untimely or that the union failed to try to resolve informally.

But such allegations of procedural improprieties are insufficient to invoke judicial review. "[Q]uestions such as whether prerequisites to arbitration have been met, or questions of waiver, delay, or other defenses to arbitrability, should be determined by the arbitrator." *Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs., Inc.,* 623 F.3d 476, 480 (7th Cir. 2010) (citing *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84-85 (2002)). Claims that alternative resolution measures were untimely (*Howsam,* 537 U.S. at 84-85) or procedurally defective (*Niro v. Fearn Int'l, Inc.,* 827 F.2d 173, 176 (7th Cir. 1987)) are left to the contractually-appointed decision-making authority. Indeed, in *Merryman*, the Seventh Circuit rejected the petitioner's argument that the grievance committee's award should be overturned because the union failed to follow the required steps before bringing the grievances to the joint committee:

> A challenge to the pre-grievance procedures approved by the joint committee . . . is a claim or dispute involving an interpretation or application of the Agreement and therefore subject to binding resolution by the joint committee. . . . [A]s long as the joint committee was properly composed, it had the authority to resolve the dispute over whether [the union] followed the proper pre-grievance procedures.

639 F.3d at 290-91. Similarly, in this case, the Committee had the authority to determine the timeliness of Local 582's grievances and whether the union followed the required pre-grievance procedures.

As ASC has presented no valid basis upon which this Court may disturb the Committee's award, the Court finds that the award should be enforced. In addition to confirming the

Committee's award, however, Local 582 also asks this Court to order ASC to pay liquidated damages. Article XVIII, Paragraph 5 of the Agreement provides that a party that fails to comply with a grievance award within seven days shall pay an additional ten percent of the award as liquidated damages and shall further pay attorneys fees and costs incurred to enforce the award. (Respt.'s Stmt. of Uncontested Mat. Facts Ex. C at 25, Dkt. No. 38.) Notwithstanding the Agreement's requirement that Local 582 be awarded liquidated damages, this Court's authority under the LMRA is limited to enforcement of the award as granted by the Committee. "A court may enforce an arbitrator's clear and specific award. What it may not do is adjudicate the merits of a contingent claim created by a past award." *Armco Employees Indep. Fed'n, Inc. v. Armco Steel Co., L.P.,* 65 F.3d 492, 498 (6th Cir. 1995). Because no penalty for delayed payment was included in the Committee's award, the recovery of that penalty is not a proper subject of this action. The Court's judgment is accordingly limited to confirming the Committee's award of $208,443.25.

## CONCLUSION

For the reasons stated above, Local 582's motion for summary judgment (Dkt. No. 37) is granted and ASC's motion for summary judgment (Dkt. No. 41) is denied.

Entered:

Dated:   April 25, 2014

_____
Andrea R. Wood
United States District Judge